## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:

**ROYCE OGDEN**,

    Plaintiff,

v.

**TARGET CORPORATION**,

    Defendant.

## NOTICE OF REMOVAL

COMES NOW, Target Stores, a division of Target Corporation, by and through its attorney of record, John R. Chase of Montgomery Amatuzio Chase Bell Jones LLP, and respectfully submits this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds, Target states as follows:

1.    On February 14, 2019, Plaintiff filed a Complaint against Target in the District Court for Weld County, State of Colorado. *See* Ex. A. Compl. The Complaint asserts claims against Target based upon Colorado's Premises Liability Act, alleging that Plaintiff was injured when a ball rack fell on her head when she attempted to reach and remove a ball from the ball rack. Ex. A. at ¶ 11. Plaintiff's Complaint seeks unspecified damages for her injuries, which she alleges to include pain and bruising to her head and a cognitive brain injury with associated memory loss. Ex. A. at ¶ 15. Plaintiff further complains of, and seeks recovery for, "pain and suffering, together with loss of enjoyment of life, lost wages, loss of economic opportunity, physical impairment", and claims that she "will in the future continue to incur such pain and

suffering, loss of enjoyment of life, lost wages, loss of economic opportunity and physical impairment due to the continuing nature of her injuries." Ex. A at ¶ 16. The Civil Case Cover Sheet, filed with the Complaint, indicates that Plaintiff is seeking damages in excess of $100,000.00, excluding interest and costs. See Ex. B at ¶ 2.

2.      Pursuant to 28 U.S.C. § 1332(a), this Court has jurisdiction over all civil actions between citizens of different states, provided the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant [ ] to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553 (2014) ("*Dart*") (*quoting* 28 U.S.C. § 1446(a)).

3.      When removal is based on diversity of citizenship under § 1332(a), a case may not be removed if any defendant is a citizen of the forum state. 28 U.S.C. § 1441(b)(2). That is not the case here. The diversity requirement of § 1332(a) is satisfied here as Plaintiff is a Colorado citizen, and alleges that at all relevant times she has resided in the State of Colorado. Ex. A at ¶ 1. Defendant Target is a citizen of Minnesota, with its place of incorporation and principal place of business in the State of Minnesota. Ex. C, Target's Colorado Secretary of State Corporate Summary. Since all parties are diverse, and Target is not a citizen of the forum state, this matter is removable pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).

4.     The amount in controversy requirement of § 1332(a) is satisfied when the allegations in the Complaint, along with the Civil Case Cover Sheet, satisfy the jurisdictional requirement. The Colorado District Court has held the jurisdictional requirement of § 1332(a) is met when a plaintiff indicates on the Civil Case Cover Sheet she is seeking a monetary judgment of more than $100,000.00. *Henderson v. Target Stores*, 431 F.Supp. 2d 1143, 1144 (D.Colo. 2006) (holding that "the civil case cover sheet falls within the term "other paper" for determining the time within which removal papers must be filed."). Further, in *Vargas v. Nash-Finch Co.*, the Colorado District Court held that the jurisdictional requirement is met when a plaintiff indicates on the Civil Case Cover Sheet that "she is seeking a monetary judgment for more than $100,000.00," and claims damages for serious injuries including surgery, physical and mental suffering, and loss of enjoyment of life. *Vargas v. Nash-Finch Co.*, No. 10-CV-00259-CMA, 2010 WL 582135 at *2 (D.Colo. Feb. 11, 2010). The Tenth Circuit Court of Appeals agreed with this reasoning, and in *Paros Properties LLC v. Colorado Casualty Insurance Company*, found that civil case cover sheets are an unambiguous assertion by an officer of the court regarding a matter of significant consequence and therefore provide sufficient "other paper" to put a defendant on notice concerning the amount in controversy. *Paros Properties LLC v. Colorado Casualty Insurance Company*, 835 F.3d 1264, 1272 (10th Cir. 2016).

5.     Here, the initial pleadings establish the basis for removal.  The Complaint alleges that Plaintiff suffered severe injuries. Ex. A at ¶ 16.  Plaintiff alleges severe damages, such as, "pain and suffering, together with loss of enjoyment of life, lost wages, loss of economic opportunity, and physical impairment."  Ex. A at ¶ 16. Plaintiff is seeking damages for her loss in "an amount to be determined at trial." Ex. A at p. 3.  In addition, based on Plaintiff's election

in the Civil Case Cover Sheet indicating that C.R.C.P. 16.1 does not apply and that she is seeking a monetary judgment over $100,000 (Ex. B at ¶ 2), the jurisdictional requirement of §1332(a) is satisfied.

    6. The timing for removal is controlled by § 1446(b), which provides:

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

The *Vargas* court held that the removal period begins when a "defendant is able to 'intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'" *Vargas*, 2010 WL 582135 at *1 (*quoting Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1078 (10th Cir. 1999)). Plaintiff served her Complaint on Defendant on April 16, 2019. *See* Ex. D, Affidavit of Service of Process. Thus, this Notice of Removal is timely, as Defendant filed within thirty days after service of the initial pleading, which provided Defendant with sufficient information to ascertain removability.

    7.    Pursuant to 28 U.S.C. § 1446(d), Target will promptly serve Plaintiff with written notice of the filing of this Notice of Removal and file a copy in the appropriate state court.

    8.    The documents required by D.C.Colo.LCivR 81.1 and § 1446(a) and which have been filed in this matter in the District Court for Weld County, State of Colorado are attached to this Notice of Removal or otherwise labeled as Ex. E. The current docket sheet is being filed

simultaneously under separate cover.  Defendant will also separately file each pending motion, petition, and related response, if any.

9. Pursuant to D.C.Colo.LCivR 81.1, Target represents that no motion hearings are currently set in the state court action and no trial date has been set.

10. By filing this Notice of Removal, Target does not waive any defenses that may be available to it.

Respectfully submitted May 9, 2019.

                                  MONTGOMERY AMATUZIO
                                  CHASE BELL JONES, LLP

                                By: */s/ John R. Chase*
                                    John R. Chase
                                    4100 E. Mississippi Ave, 16th Floor
                                    Denver, Colorado 80246
                                    Telephone: (303) 592-6600
                                    Fax: (303) 592-6666
                                    jchase@mac-legal.com;

                                ATTORNEYS FOR TARGET STORES, A
                                DIVISION OF TARGET CORPORATION

**CERTIFICATE OF SERVICE**

   I hereby certify that on May 9, 2019, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was prepared for service to the following in the manner indicated below:

*Counsel for Plaintiff*
Brian J. Lampert, Esq.
Lampert & Walsh, LLC.
3650 S. Yosemite St., #404
Denver, CO 80237
Chowder22@comcast.net
 ☐ U.S. Mail   ☒ E-mail   ☐ ECF

            *s/ Karen Wood*
            [Signature on File:Karen Wood]